UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────

ANTHONY T.[1],

        Plaintiff,

v.                                    21-CV-12 (JLS)

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

───────────────────────────────

## DECISION AND ORDER

Plaintiff Anthony T. brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) of the Social Security Act, seeking review of the decision made by the Commissioner of the Social Security Administration finding that he was not disabled. Dkt. 1. Plaintiff moved for judgment on the pleadings. Dkt. 7. The Commissioner responded and cross-moved for judgment on the pleadings, to which Plaintiff replied. Dkts. 9, 10. For the reasons below, the Court grants in part and denies in part Plaintiff's motion and denies the Commissioner's cross-motion.

---

[1] Pursuant to the Western District of New York's November 18, 2020 Standing Order regarding the naming of plaintiffs in Social Security decisions, this decision and order identifies Plaintiff by first name and last initial.

## PROCEDURAL HISTORY

This action originates from Plaintiff's application for Title XVI Supplemental Security Income ("SSI"), filed on August 10, 2018.[2] Tr. 152-57.[3] Plaintiff's application was initially denied, and he requested a hearing before an administrative law judge ("ALJ"). Tr. 41-56, 75-77.

Following the hearing, in which Plaintiff was represented by counsel, ALJ Richard N. Staples issued a decision finding that Plaintiff was not disabled. Tr. 15-22. Plaintiff's request for Appeals Council Review was denied, after which he commenced this action. Tr. 1-6; Dkt. 1.

## LEGAL STANDARDS

### I. District Court Review

Judicial review of disability claims under the Act is limited to whether the Commissioner's decision is supported by substantial evidence and whether the correct legal standards were applied. *See* 42 U.S.C. § 405(g); *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013). The Commissioner's factual findings are conclusive when supported by substantial evidence. *See Estrella v. Berryhill*, 925 F.3d 90, 95 (2d Cir. 2019). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a

---

[2] Plaintiff applied for SSI, which "provides benefits to each aged, blind, or disabled individual who does not have an eligible spouse and whose income and resources fall below a certain level." *Clark v. Astrue*, 602 F.3d 140, 142 (2d Cir. 2010) (quoting 42 U.S.C. § 1382(a)) (internal quotation marks omitted).

[3] The filing at Dkt. 6 is the transcript of the proceedings before the Social Security Administration. All references to Dkt. 6 are hereby denoted "Tr. \_\_."

conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotations and citations omitted).

While the Court does not determine *de novo* whether the claimant is disabled, the Commissioner's conclusions of law are not given the same deferential standard of review. *See Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003). If there is a reasonable doubt as to whether the ALJ applied the correct legal standards, then upholding the determination "creates an unacceptable risk that a claimant will be deprived of the right to have his disability determination made according to correct legal principles." *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987); *see Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quoting *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990)) (holding that the Court's review for legal error ensures "that the claimant has had a full hearing under the . . . regulations and in accordance with the beneficent purposes of the . . . Act.").

## II.  Disability Determination

Disability under the Act is determined under a five-step test. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986); 20 C.F.R. § 416.920. First, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. § 416.920(b). "Substantial work activity" is work activity that involves significant physical or mental activities. 20 C.F.R. § 416.972(a). If the ALJ finds that the claimant is engaged in substantial gainful activity, the claimant cannot claim disability. 20 C.F.R. § 416.920(b).

Second, the ALJ must determine whether the claimant has a medically determinable impairment or a combination of impairments that significantly limits the claimant's ability to perform basic work activities. 20 C.F.R. § 416.920(c). Absent such impairment, the claimant may not claim disability. *Id.*

Third, the ALJ must determine whether the claimant meets or medically equals the criteria of an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1. 20 C.F.R. § 416.920(c). If such criteria are met, then the claimant is declared disabled. 20 C.F.R. § 416.920(d).

Even if the claimant is not declared disabled under the third step, the ALJ may still find disability under the next two steps of the analysis. The ALJ must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is a holistic assessment of the claimant's medical impairments, both severe and non-severe, that evaluates the claimant's ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for collective impairments. 20 C.F.R. § 416.945.

In the fourth step, the ALJ must determine whether the claimant has the RFC to perform past relevant work. 20 C.F.R. § 416.920(f). If the claimant is capable of performing past relevant work, then the claimant is not disabled. 20 C.F.R. § 416.960(b)(3). If the ALJ finds that the claimant is unable to perform past relevant work, the analysis proceeds to the fifth and final step. 20 C.F.R. § 416.920(g)(1).

In this final analytical step, the ALJ must decide whether the claimant is able to perform any other relevant work corresponding with his RFC, age, education, and work experience. 20 C.F.R. § 416.960(c). Here, the burden of proof shifts from the claimant to the Commissioner to prove that a significant number of jobs in the national economy exists that the claimant can perform given his RFC, age, education, and work experience. 20 C.F.R. §§ 416.920(g), 416.960(c); *see Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999).

## DISCUSSION

### I. The ALJ's Decision

The ALJ determined that Plaintiff had not engaged in substantial gainful activity since his application date of July 26, 2018. Tr. 17. He also found that Plaintiff suffered from the following severe impairments: depression, anxiety, panic attacks, and post-traumatic stress disorder ("PTSD"). Tr. 18. The ALJ concluded, however, that Plaintiff's severe impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. Tr. 18.

Finally, after considering the entire record, the ALJ determined that Plaintiff had the RFC to perform a full range of work at all exertional levels, with the following non-exertional limitations: "[Plaintiff] can follow simple instructions and perform simple, routine tasks. He can occasionally interact with co-workers and with the public." Tr. 19. The ALJ found that Plaintiff could perform past relevant work as a construction laborer, and he concluded that Plaintiff had not disabled as defined by the Act since his application date of July 26, 2018. Tr. 22-24.

## II. Plaintiff's Argument

Plaintiff makes two arguments for judgment in his favor. Dkt. 7-1. First, he argues that the ALJ's physical RFC determination was unsupported by substantial evidence. *Id.* at 7. Second, Plaintiff claims that the ALJ's mental RFC determination was unsupported by substantial evidence. *Id.* at 10. As set forth below, remand is appropriate because the ALJ improperly relied on a stale opinion in formulating Plaintiff's physical RFC.[4]

## III. Analysis

Plaintiff argues that the ALJ's physical and mental RFC determinations were unsupported by substantial evidence. Dkt. 7-1, at 7, 10. An ALJ must "weigh all of the evidence available to make an RFC finding that [is] consistent with the record as a whole." *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013); *accord Nora A. v. Comm'r of Soc. Sec.*, 551 F. Supp. 3d 85, 93 (W.D.N.Y. 2021). The ultimate RFC determination does not need to "perfectly correspond with any of the opinions of medical sources cited in [the ALJ's] decision." *Matta*, 508 F. App'x at 56. The ALJ is not a medical professional, however, and is therefore "not qualified to assess a claimant's RFC on the basis of bare medical findings." *Ortiz v. Colvin*, 298 F. Supp. 3d 581, 590 (W.D.N.Y. 2018).

---

[4] Because the Court concludes that the ALJ improperly relied on a stale opinion in making his physical RFC determination, it declines to address Plaintiff's remaining argument. *See Beers v. Comm'r of Soc. Sec.*, 449 F. Supp. 3d 96, 103-04 (W.D.N.Y. 2020).

6

## A. The ALJ's physical RFC determination was not supported by substantial evidence.

Plaintiff argues that the ALJ's physical RFC determination was unsupported by substantial evidence because it was based solely on the stale opinion of the state agency review physician, D. Miller, D.O. Dkt. 7-1, at 8. An RFC determination based on a stale opinion is generally not supported by substantial evidence. *See Camille v. Colvin*, 104 F. Supp. 3d 329, 343-44 (W.D.N.Y. 2015), *aff'd*, 625 F. App'x 25 (2d Cir. 2016) (internal citation omitted). A "stale opinion" is one that was "rendered before some significant development in the claimant's medical history." *Vincent B. v. Comm'r of Soc. Sec.*, 561 F. Supp. 3d 362, 367 (W.D.N.Y. 2021) (quoting *Steve P. v. Comm'r of Soc. Sec.*, No. 19-CV-0492 MWP, 2021 WL 307566, at *5 (W.D.N.Y. Jan. 29, 2021)) (internal quotation marks omitted). While the passage of time does not necessarily render an opinion stale, a fresh opinion must necessarily "account for the claimant's deteriorating condition." *Biro v. Comm'r of Soc. Sec.*, 335 F. Supp. 3d 464, 470 (W.D.N.Y. 2018). "In considering whether a medical opinion is stale, courts have frequently pointed to surgeries occurring subsequent to the medical opinion as evidence of the claimant's condition." *Vincent B.*, 561 F. Supp. 3d at 367 (quoting *Nagy v. Saul*, No. 19-CV-300-MJR, 2020 WL 3118569, at *5 (W.D.N.Y. Jun. 12, 2020)) (internal quotation marks omitted).

On May 12, 2018, Plaintiff visited the emergency department at the Mercy Hospital of Buffalo, suffering from a comminuted intra-articular fracture through the middle phalanx fourth digit. Tr. 361. Plaintiff had surgery to fix the fracture on May 25, 2018. Tr. 449. In her evaluation of Plaintiff on October 15, 2018, Dr.

7

Miller opined that the fracture was expected to "heal normally and not create any limitations for [Plaintiff]." Tr. 47. Plaintiff's injury, however, apparently continued to worsen and, on January 18, 2019, he underwent a "right ring finger removal of ORIF implant plate and screws," a "right ring finger extensor tenolysis," and a "right ring finger PIP dorsal capsulectomy and release of extension contracture." Tr. 416. Even after this second surgery, Plaintiff's range of motion in his right ring finger was limited. *See* Tr. 417 (noting that Plaintiff had limited range of motion in his right ring finger at the metacarpophalangeal ("MP") joint, the proximal interphalangeal ("PIP") joint, and the distal interphalangeal ("DIP") joint, as well as "evidence of extension lag at the DIP joint consistent with mallet finger" and mild tenderness "at the PIP and DIP joint with mild palpation.").

Plaintiff has provided evidence showing that the injury to his right ring finger was more severe than contemplated by Dr. Miller on October 15, 2018. *Cf. Vincent B. v. Comm'r of Soc. Sec.*, 561 F. Supp. 3d 362, 367 (W.D.N.Y. 2021) ("Here, Plaintiff has failed to show that his physical condition deteriorated after Drs. Litchmore and Putcha offered their opinions relating to his functional limitations. For example, Plaintiff does not point to evidence demonstrating that his functional limitations changed following his carpal tunnel syndrome diagnoses."). As such, Dr. Miller's opinion was stale, and the ALJ could not rely on it to craft a physical RFC supported by substantial evidence. *Camille v. Colvin*, 104 F. Supp. 3d 329, 343-44 (W.D.N.Y. 2015).

A medical opinion is not always necessary for an ALJ's physical RFC determination to be supported by substantial evidence. *See Tankisi v. Comm'r of Soc. Sec.*, 521 F. App'x 29, 34 (2d Cir. 2013). The ALJ does not need to seek an opinion assessing the claimant's functional limitations if the record sheds light on the claimant's residual functional capacity and offers "insight into how [his] impairments affect or do not affect [his] ability to work, or [his] ability to undertake [his] activities of everyday life." *See Guillen v. Berryhill*, 697 F. App'x 107, 108-09 (2d Cir. 2013) (summary order). In this case, however, the Court is unable "to glean the rationale" behind the ALJ's conclusion that Plaintiff could perform a full range of work at all exertional levels, despite the fact that the condition of Plaintiff's right ring finger continued to deteriorate following Dr. Miller's assessment. *See Mongeur v. Heckler*, 722 F.2d 1033, 1040 (2d Cir. 1983). Therefore, remand is warranted for further administrative proceedings. *See Monica J. v. Comm'r of Soc. Sec.*, 1:20-CV-582 (JLS), 2022 WL 447160, at *5 (W.D.N.Y. Feb. 14, 2022) ("Without a medical opinion on the record, without a useful assessment of Plaintiff's functional limitations, and with evidence suggesting greater limitations on [his] work-related abilities, the RFC is not supported by substantial evidence.").

## CONCLUSION

For the reasons stated above, the Court **GRANTS** in part and **DENIES** in part Plaintiff's motion for judgment on the pleadings (Dkt. 7) and **DENIES** the Commissioner's cross-motion for judgment on the pleadings (Dkt. 9). The decision of the Commissioner is **VACATED**, and the matter is **REMANDED** for further administrative proceedings consistent with this decision.

SO ORDERED.

Dated:   January 9, 2023
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE